```
                UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS


JOSEPH BRADSHAW,              )
     Petitioner,              )   CIVIL ACTION NOS.
                              )   03-12272-DPW
          v.                  )   03-12324-DPW
                              )
UNITED STATES OF AMERICA      )
     Respondent.              )
```

MEMORANDUM AND ORDER
July 16, 2004

Joseph Bradshaw ("the petitioner") was convicted <u>inter alia</u> of committing armed robbery of a postal employee, witness tampering by means of attempted murder, and obstruction of justice.  He was sentenced to five concurrent life sentences and separate mandatory consecutive terms of imprisonment totaling twenty years in prison.  He moves to set aside his sentence under 28 U.S.C. § 2255.

## Civil Action No. 03-12272-DPW

In the first filed of these § 2255 motions, the petitioner -- who had three consecutive lawyers appointed for him during the course of trial proceedings -- maintains that he was denied effective assistance of counsel by his third attorney, who also represented him in his unsuccessful appeal, <u>United States v. Bradshaw</u>, 281 F.3d 278 (1st Cir.), <u>cert. denied</u>, 537 U.S. 1049 (2002).  He contends she deprived him of

effective assistance of counsel by failing to advise him to cooperate with the government either prior to trial or within the one-year period established by Fed. R. Crim. P. 35(b). I find the petitioner satisfies neither prong of the two part test for ineffectiveness established by <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). Even assuming that there was a failure to advise cooperation, in this case such a failure can be viewed as neither deficient performance by counsel nor prejudicial to this petitioner.

The petitioner -- a "recidivist robber," <u>Bradshaw</u>, 281 F.3d at 280, prosecuted under the "Three-Strike Law," 18 U.S.C. § 3559(c) -- was a seasoned veteran of the criminal process familiar with the risks of and returns for government cooperation by accomplices. Indeed, the instant prosecution focused on his efforts to ferret out and eliminate those he suspected were cooperating against him. Even before his third counsel was appointed, he pronounced himself, during a joint representation proceeding, unwilling to cooperate, apparently as a matter of personal principle. When asked by Judge Wolf, to whom the case was assigned before being reassigned to my docket, whether he understood that "it may be in the interests of one defendant to tell what he knows about another defendant," Bradshaw responded, "I personally wouldn't testify

against anybody." He added that "I understand that at any time during the proceedings that somebody could join the Government's side, that not being me, ever." Before trial his three co-defendants pled guilty.

This petitioner needed no advice about the pros and cons of cooperation. He had a firmly established view, based upon significant personal experience, that cooperation was a dangerous stratagem in others and unacceptable for himself. Moreover, the record demonstrates that he was familiar with the various means potential cooperators could use to bring their willingness to the attention of authorities. His current suggestion that his pronouncements to Judge Wolf of opposition to cooperation was somehow undertaken for fear of being disclosed as a potential cooperator is both a recent contrivance and demonstrative of his familiarity with the need for secrecy in cooperation. Even assuming that his third counsel (not to mention the previous two counsel who were permitted respectively by Judge Wolf and Judge O'Toole to withdraw) did not, as petitioner contends, specifically discuss cooperation with him, there was no deficiency in failing to encourage this strong willed and experienced criminal defendant to change his fully considered and forcefully expressed opposition to cooperation.

Assuming arguendo that there was some deficiency in counsel's approach to cooperation by this defendant, there was no prejudice. By the time his third counsel was appointed, his co-defendants had pled guilty and the case against petitioner was, in any event, quite strong. Not surprisingly, the government even now shows no interest -- despite the petitioner's suggestion of willingness and ability to provide a rich lode of material regarding various additional criminal activity -- in obtaining his assistance. There are no grounds for believing that the petitioner's offer of cooperation before trial or within a year after sentencing, Fed. R. Crim. P. 35(b), would have been any more attractive. Government counsel's averment that "the government never sought the petitioner's cooperation and never seriously considered soliciting such cooperation" stands uncontested.

Consequently, I find no basis in the claim presented in Civil Action No. 03-122272, to grant petitioner relief under 28 U.S.C. § 2255.

## Civil Action No. 03-12324-DPW

The second § 2255 motion submitted by petitioner contains a potpourri of complaints regarding alleged shortcomings by his trial counsel and thereafter in her work as his appellate counsel. Each is without merit. I will treat as properly

4

before me all the issues pressed by the petitioner in this second petition, which was filed prior to the Government's Response. In doing so, I effectively consolidate this petition with the petition in Civil Action 12272-DPW discussed above.[1] And, despite the government's objection, I treat the effort further to amend the second petition shortly after the expiration of the one-year limitation period found in § 2255 as properly before me under Fed. R. Civ. P. 15 ("[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served...").[2]

Two of the original claims asserted in the second

---

[1] The petitioner's filing of a second petition arguably requires certification by the Court of Appeals in order to be pursued. 28 U.S.C. § 2255. Because of the rough contemporaneity of the two filings made by a pro se party under circumstances in which representation by retained counsel apparently fell through, I treat the two petitions as functionally one petition, thereby avoiding the further step of requiring Court of Appeals' certification for the second petition.

[2] I recognize that, although the First Circuit has yet to reach the issue, a majority of the Court of Appeals have held that a § 2255 petitioner may not evade the one-year limitation period by attempting to introduce new claims or theories by amendment. United States v. Hicks, 283 F.3d 380, 388-89 (D.C. Cir. 2002); United States v. Thomas, 221 F.3d 430, 436 (3rd Cir. 2000); United States v. Pittman, 209 F.3d 314, 318 (4th Cir. 2000); United States v. Craycraft, 167 F.3d 451, 457 (8th Cir. 2000); United States v. Espinoza-Saenz, 235 F.3d 501, 505 (10th Cir. 2000); Davenport v. United States, 217 F.3d 1341, 1346 (11th Cir. 2000). Nevertheless, I am persuaded by the force of the analysis in Ellzey v. United States, 324 F.3d 521 (7th Cir. 2003).

petition are merely reformulations of contentions made unsuccessfully on appeal.  The question of the admissibility of statements made by Sutherland to Knapp and Romano was considered fully and decided adversely to petitioner in his direct appeal.  Bradshaw, 281 F.3d at 285-86.  In limine motion practice would not have benefitted petitioner.  His trial counsel skillfully preserved the issue without committing petitioner's case to a specific defense theory until the admissibility question was in the strongest posture for presentation.

There was nothing more counsel could have done to press the issue of jury taint on appeal.  The First Circuit simply rejected the claim after finding that petitioner "received all the process that was due."  Bradshaw, 281 F.3d at 293.

Turning to the newly asserted claims, I can find no basis for believing that defense counsel could have induced the government to obtain an immunity order for Scapicchio.  The government could and would properly have had no interest in providing immunity to her.  There is, in any event, no reasonable probability that Scapicchio's anticipated testimony would have affected the outcome of the trial.

The petitioner's claim that there was some failure to appeal what are generically alleged as pro so motions does not

6

provide adequate specificity.  Nothing has been presented to suggest that there were any meritorious issues neglected.

As to the claims added to the second petition by amendment, I have reviewed each and find no substantive grounds which would justify relief.  While I have evaluated and rejected on the merits all claims arguably made by the pro se petitioner, I address here briefly only those claims most fully developed.

The Fed. R. Evid. 404(b) evidence could not successfully be opposed; as the Court of Appeals observed, given the nature of the alleged criminal conduct presented by the indictment, "rough and tumble evidence was properly admitted" in this case.  Bradshaw, 281 F.3d at 285.  There was no basis to reconsider denial of the motions to suppress and no likelihood of success if they had been reconsidered.  There was no viable Speedy Trial Act issue.  The Courteau statements were properly received under Fed. R. Evid. 801(d)(1)(B) and thus they did not implicate the Petroziello procedure.

In conclusion, I find no basis to reject the observation of the Court of Appeals that the "petitioner was vigorously represented by able counsel."  Id. at 280.  From my vantage point, I observed through the trial what the First Circuit observed on appeal, vigorous representation of petitioner by

7

able counsel. It was representation conducted at the highest level, evidencing appropriate levels of preparation and sound strategic judgments in the face of a very strong prosecution case.

There has been no demonstration of deficient performance by trial and appellate counsel in any of the particulars petitioner attempts to present. Nor is there any showing of a probability of a different outcome were any or all of petitioner's claims found to constitute deficient performance. There being neither inadequacy of performance nor prejudice, I find no basis in Civil Action No. 03-12324-DPW to grant petitioner relief.

## CONCLUSION

The clerk is directed to dismiss the petitions in Civil Actions No. 03-12272-DPW and 03-12324-DPW.

/s/ Douglas P. Woodlock
_____
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE